# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG DIVISION

| | | |
|---|---|---|
| THE HARRISON COUNTY COAL COMPANY, <br> 46226 National Road <br> St. Clairsville, OH 43950 | : <br> : <br> : <br> : <br> : | ELECTRONICALLY FILED <br> Jul 02 2018 <br> U.S. DISTRICT COURT <br> Northern District of WV |
| Plaintiff, | : <br> : | Civil Action No. 1:18-CV-138 (Keeley) |
| v. | : <br> : | |
| UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION <br> 18354 Quantico Gateway Drive <br> Triangle, Virginia 22172 | : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| UNITED MINE WORKERS OF AMERICA, Local Union 1501, <br> c/o UMWA, District 31 <br> 310 Gaston Avenue <br> Fairmont, WV 26554 | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**COMPLAINT TO VACATE ARBITRATION AWARD**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Plaintiff, The Harrison County Coal Company ("Harrison County Coal" or "Company"), operator of the Harrison County Mine, by and through its undersigned counsel, hereby moves this Court to vacate Arbitrator Thomas L. Hewitt's Decision and Award ("Award") in the matter of Harrison County Mine v. United Mine Workers

of America, District 31, Local Union 1501, Case No. 16-31-18-074.  As grounds for this Complaint, Harrison County Coal states as follows:

## Parties

1. Plaintiff Harrison County Coal is a West Virginia corporation with a place of business located at 79 Camp Run Road, Mannington, WV 26582.  Harrison County Coal maintains its corporate headquarters at 46226 National Road, Saint Clairsville, OH 43950.

2. Defendant International Union, United Mine Workers of America ("International Union") is a labor union within the meaning of 29 U.S.C. § 152(5) that represents the Company's classified employees pursuant to the 2016 National Bituminous Coal Wage Agreement ("2016 NBCWA").  The International Union maintains its "District 31 Offices" within the Northern District of West Virginia at 310 Gaston Avenue, Fairmont, WV 26554.

3. Defendant United Mine Workers of America Local Union 1501 ("Local 1501") is a labor union within the meaning of 29 U.S.C. § 152(5) which shares representation of the Company's employees with the International Union.  Local 1501 shares the office located at the District 31 address described in Paragraph 2.  The International Union and Local 1501 are referred to, collectively, as "UMWA" or "Union."

## Jurisdiction and Venue

4. Jurisdiction of this Court is based on Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

5. Venue in this matter is appropriate in this matter pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(c).

**Facts**

6.      The Harrison County Mine is a large underground coal mine that employs approximately 313 miners represented by the Union. Until December 5, 2013, the mine was owned by a subsidiary of CONSOL Energy Inc., during which time it was called the Robinson Run No. 95 Mine. On December 5, 2013, Harrison County Coal became the operator of the Mine, which was renamed the Harrison County Mine.

7.      The terms and conditions of employment for the Union-represented employees who work at the Harrison County Mine are set forth in the 2016 National Bituminous Coal Wage Agreement ("2016 NBCWA").

8.      On or about March 8, 2018, the Union, on behalf of five members ("Grievants"), filed a grievance, Grievance No. CR-24-18, alleging that Harrison County Coal violated the terms of the 2016 NBCWA by having contractors perform classified work, including, but not limited to, installing a new belt drive at the Harrison County Mine on February 5, 2018 (the "Grievance"). Through its Grievance, the Union requested that the "practice be stopped" and it sought to be "made whole in all ways."

9.      A hearing was held before Arbitrator Thomas L. Hewitt ("Arbitrator Hewitt" or the "Arbitrator") on May 10, 2018.

10.     Arbitrator Hewitt issued his Decision and Award (the "Award") on June 7, 2018, in which he sustained the Grievance. A copy of the Award is attached as Exhibit A.

11.     In his Award, Arbitrator Hewitt rejected Harrison County Coal's argument that the belt drive installation work performed on February 5, 2018 was "construction work" and, thus, pursuant to Article 1A, §(i) of the 2016 NBCWA, the Company was free to use

subcontractors to perform the work because the union employees trained to perform the work were already working no less than five days per week.

12. Furthermore, despite finding that "all employees were working five days a week," Arbitrator Hewitt awarded each of the five Grievants "eighty (80) hours of pay at their straight time rate." Exhibit A, p. 12.

13. The Award fails to draw its essence from the terms of the 2016 NBCWA, ignores the "law of the shop" and binding arbitral precedent in the industry, expressly rejects precedent from this Honorable Court, exceeds the scope of the Arbitrator's authority, is arbitrary and capricious, and was meted out based upon the Arbitrator's own notions of right and wrong rather than any basis in the record.

14. First, the Arbitrator's finding that Harrison County Coal could not use subcontractors to perform "construction" work is clearly erroneous and contrary to the plain language of the 2016 NBCWA as well as recent precedent from this Honorable Court. Exhibit A, p. 8.

15. Pursuant to the plain language of Article 1A, §(i), an employer may use subcontractors to perform "construction" work so long as "all such Employees with necessary skills to perform the work are working no less than 5 days per week, or its equivalent for Employees working alternative schedules." Exhibit B, Relevant Sections of the 2016 NBCWA.

16. In this case, as the Arbitrator conceded, the parties "stipulated that the employees were working no less than five (5) days per week." Exhibit A, p. 9. Accordingly, under the plain language of the 2016 NBCWA, Harrison County Coal was free to use subcontractors to perform any "construction" work as defined by Article 1A, §(i).

17. In a prior decision by this Honorable Court, *Monongalia Cty. Coal Co. v. United Mine Workers of Am.*, 234 F. Supp. 3d 797 (N.D. W. Va. 2017), this Court interpreted Article 1A, §(i) as follows: "The words 'construction' and 'repair and maintenance' have distinct and clear definitions in the context of this case. To 'construct' means '[t]o form by assembling or combining parts; build.' 'To maintain,' on the other hand, has two plausible definitions that could apply to this case: either '[t]o keep in an existing state; preserve or retain' or '[t]o keep in a condition of good repair or efficiency.'" *Id.* at 803-804.

18. Moreover, this Court explained that prior arbitral decisions "clearly define the differences between construction and repair and maintenance work," stating that, "for decades arbitrators have concluded that, [i]n the usual sense, construction work . . . is work which brings something new to the mine which had not existed prior to the performance of the work in question. On the other hand, repair and maintenance that is work which — by definition — involves repairing existing equipment or servicing existing machinery or facilities in order to keep them in good working order. Generally speaking, repair and maintenance work does not involve introducing new material into the mine or the erection or fabrication of facilities which have not previously been part of the mine facilities." *Id.* at 804-805 (citing *Consol-McElroy Coal Co. v. UMWA Local Union 1638, District 6*, Case No. D-971AI-9 (Dec. 3, 1997)(Nicholas, Arb.); *Consol-McElroy Coal Co. v. UMWA Local Union 1638, District 6*, Case No. D-971AI-8,(Sept. 22, 1997) (Hammer, Arb.)).

19. At the hearing, Harrison County Coal presented undisputed evidence that the subcontracting at issue in this Grievance involved the construction of a new, never-before-used belt drive in an area of the mine where there was no prior activity. In his Award, the Arbitrator cited no evidence to the contrary, and, in fact, indicated that, under this Court's interpretation of

the term "construction," Harrison County Coal's installation of a new belt drive qualified as "construction" under Article 1A, §(i). *See generally* Exhibit A.

20. The Arbitrator nevertheless rejected this Court's interpretation of the 2016 NBCWA, finding that it would "negate Article 1A" of the Agreement relating to "work jurisdiction." Exhibit A, p. 8.

21. Contrary to the Arbitrator's holding, this Court's interpretation of the 2016 NBCWA does not negate Article 1A but rather gives full effect to the Article, including the language relating to "construction" work in Article 1A, §(i). In contrast, Arbitrator Hewitt's Award reads Article 1A, §(i) completely out of the 2016 NBCWA, as he held that "belt drive installation work at this . . . [m]ine is classified work [and] therefore, *it does not matter whether it is considered construction or repair and maintenance*." Exhibit A, p. 8 (emphasis added).

22. In rejecting the plain language of the 2016 NBCWA, Arbitrator Hewitt relied on a prior settlement from February 25, 2002, where the parties agreed that, for purposes of settling that grievance, they "recognize that belt drive installation work customarily performed at the Robinson Run Mine is classified work." Exhibit A, p. 11. Citing Article XXIII, Section (h) of the 2016 NBCWA, which provides that "[s]ettlements reached at any step of the grievance procedure shall be final and binding on both parties and shall not be subject to further proceedings under this Article except by mutual agreement," Arbitrator Hewitt found that the February 2002 settlement was binding on this dispute. *Id.*

23. Arbitrator Hewitt's reliance on the February 25, 2002 settlement is misplaced, however, as that settlement applied to different employees installing different belt drives in different areas of the mine. Importantly, there is no indication that the February 25, 2002

6

settlement applied to the installation of a new belt drive, and thus constituted "construction" work pursuant to Article 1A, §(i) of the 2016 NBCWA.

24. In short, the Arbitrator's finding that Harrison County Coal could not subcontract the installation of entirely new belt drives at the Harrison County Mine on February 5, 2018 when union employees were working no less than five days per week is clearly erroneous and fails to draw its essence from the terms of the 2016 NBCWA.

25. Furthermore, the monetary remedy fashioned by the Arbitrator is plainly improper. Under binding arbitral precedent in the coal industry, monetary damages may only be awarded to "compensate the aggrieved party for losses suffered as a result of the breach of the Agreement." Exhibit C, Supplemental to ARB Case No. 78-16 (December 31, 1979) (Selby, Arb.). Accordingly, binding precedent provides that, where there has been improper subcontracting, damages may be paid only to workers who are shown to have been directly and adversely affected by the subcontracting. *Id.*

26. The evidence submitted to the Arbitrator established without dispute that the Grievants were already working five days a week when Harrison Coal Company subcontracted the work in question. Accordingly, the Grievants suffered no injury or loss as a result of the subcontracting.

27. Because the Grievants did not suffer an injury or loss as a result of the subcontracting, the Arbitrator's imposition of a monetary penalty is not compensatory but rather a punitive sanction not permitted by 2016 NBCWA and binding arbitral precedent.

28. For the reasons stated above, Plaintiff Harrison County Coal moves to vacate the Award because:

    (a)    The award exceeds the scope of the Arbitrator's authority and power;

  (b)  The award fails to draw its essence from the collective bargaining agreement;

  (c)  The award is based on the arbitrator's own personal notions of right and wrong;

  (d)  The award is arbitrary and capricious.

**WHEREFORE,** Plaintiff, The Harrison County Coal Company, respectfully requests that this Court:

  1.  Vacate the Arbitrator's Award, with prejudice; and

  2.  Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ *Michael D. Glass*
Michael D. Glass, Esquire
WV I.D. #1392
One PPG Place, Suite 1900
Pittsburgh, PA  15222
Phone: 412.394.3333
Fax: 412.232.1799

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the within **COMPLAINT TO VACATE ARBITRATION AWARD** has been served on counsel for the Defendants listed below by placing same in the U.S. mail, first class, postage prepaid, this 2nd day of July, 2018:

Charles F. Donnelly, Esquire
United Mine Workers of America
1300 Kanawha Boulevard, E.
Charleston, WV  25301


/s/ *Michael D. Glass*
Michael D. Glass, Esquire


34565417.1